Wong v. Bondi

BIA
A098 547 400
A099 372 927

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:
>    GERARD E. LYNCH,
>    SUSAN L. CARNEY,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

_____

SIEW VOON WONG, CHUN YIP LAM,
>    *Petitioners,*

>    v.                                                    **23-6396**
>                                                          **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONERS:                Jean Wang, Esq., Wang Law Office, PLLC, Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Siew Voon Wong and Chun Yip Lam, natives and citizens of Malasyia, seek review of an April 14, 2023, decision of the BIA denying their motion to reopen proceedings to apply for cancellation of removal. *In re Siew Voon Wong and Chun Yip Lam*, Nos. A098 547 400/099 372 927 (B.I.A. Apr. 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

As a threshold matter, the BIA properly construed Petitioners' motion to "reopen/reconsider" as a motion to reopen. The BIA looks at a motion's substance when distinguishing between a motion to reopen and a motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001). "A motion to reconsider is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect

2

of the case which was overlooked . . . ." *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) (quotation marks omitted). It must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). A motion to reopen, on the other hand, seeks to reopen the proceedings to introduce new evidence. *See* 8 U.S.C. § 1229a(c)(7)(B) (A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."). The agency may deny a motion to reopen if the movant does not submit "previously unavailable, material evidence" or the movant fails to "establish[] a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

Contrary to Petitioners' claim that they were seeking reconsideration of a prior decision, they sought to apply for cancellation of removal, which was relief that they had not sought in the underlying proceedings. A motion to apply for a new form of relief from removal is a request to reopen for further proceedings, not a request to reconsider a prior ruling. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c). Accordingly, they have not shown error in the BIA's consideration of their prima facie eligibility for cancellation. *See Abudu*, 485 U.S. at 104.

We generally review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). To prevail on a motion to reopen, the movants must demonstrate "*prima facie* eligibility" for the relief sought. *Id.* at 168. A prima facie showing requires "'a realistic chance' that [they] will be able to obtain" cancellation of removal. *Id.* (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005)). To show eligibility for cancellation of removal, petitioners must establish, among other things, that their "removal would result in exceptional and extremely unusual hardship" to a qualifying relative, here, their U.S. citizen children. 8 U.S.C. § 1229b(b)(1)(D). Thus, the BIA may deny a motion to reopen to apply for cancellation of removal where movants fail to demonstrate a "realistic chance" that their removal will result in the requisite hardship to a qualifying relative.

Our jurisdiction to review a denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Juras v. Garland*, 21 F.4th 53, 61 (2d Cir. 2021) ("Because we cannot, on a petition for review of a motion to reopen, exercise jurisdiction over that which we would not have had jurisdiction to review on direct appeal, we lack jurisdiction to review Juras's motion to reopen." (quotation marks and citation omitted)). Questions of

4

law may include the application of an "incorrect legal standard," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), ignoring or "seriously mischaracteriz[ing]" important facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), and "[t]he application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts," *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *see also Garcia Carrera v. Garland*, 117 F.4th 9, 12–13 (2d Cir. 2024). We generally review constitutional claims and questions of law de novo, *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020), but where a "mixed question is primarily factual, that review is deferential," *Wilkinson*, 601 U.S. at 225.

The BIA did not err in finding that Petitioners did not make a prima facie showing that removal would cause "exceptional and extremely unusual hardship" to their children. 8 U.S.C. § 1229b(b)(1)(D). To satisfy the "exceptional and extremely unusual hardship requirement," the hardship to Petitioners' children "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). The agency and courts "consider the ages, health, and circumstances of qualifying . . . relatives." *Id.* at 63. A "strong applicant might have a qualifying child with very serious health

5

issues, or compelling special needs in school," but "[a] lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64. Petitioners plainly failed to meet this standard because they presented no evidence with their motion beyond establishing the children's existence with the children's birth certificates. Tellingly, Petitioners' affidavits in support of reopening did not discuss the children, conditions in Malaysia, or their financial circumstances.

Petitioners now reference Wong's affidavit in support of their original asylum application, which alleged that people of Chinese descent (as Petitioners and their children are) experience discrimination in education in Malaysia, but there is no error of law in the BIA's conclusion that they did not make a prima facie case of "exceptional and extremely unusual hardship" as they provided no details of the alleged hardships, did not allege that their children had medical issues or educational difficulties, and did not produce evidence of conditions for their children in Malaysia. *Id.* (requiring more than a lower standard of living); *see also* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported

by affidavits or other evidentiary material.").

Lastly, Petitioners appear to assert bias by alleging that the BIA has a pattern of imposing too high a burden on applicants who move to reopen after *Pereira v. Sessions*, 585 U.S. 198 (2018). But adverse decisions alone almost never establish improper bias, *see Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."), and, as set forth above, Petitioners have not shown error in the decision in their case.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7